808

[Nos. 14068–0–I; 14085–0–I;  Division One.    February 19, 1985.]
14275–5–I.

RONALD DAVIS, ET AL, *Petitioners,* v. BELLEVUE
DISTRICT COURT, *Respondent.*

*Kinzel, Cowan & Allen, Inc., P.S.,* and *Douglas L. Cowan, Jr.,* for petitioners Davis, et al.

*Revelle, Ries & McDermott* and *Jeffrey C. Jones,* for petitioners Toes, et al.

*Linda M. Youngs, City Attorney,* and *Scott C. McKee* and *Susan R. Irwin, Assistants,* for respondent.

RINGOLD, J.—The petitioners allege the Superior Court erred in denying their writ seeking to enjoin the Bellevue District Court from trying their cases for driving while intoxicated (DWI), claiming that Bellevue did not have a valid ordinance on which a DWI charge could be based. We find that Bellevue properly enacted a DWI ordinance and remand for trial.

In 1980 the Bellevue City Council passed ordinance 2922, adopting many of the provisions of the model traffic ordinance (MTO) as set out in RCW 46.90. Some sections, including the DWI provisions, were listed as not being adopted at that time. In March 1982, ordinance 3093 was passed, amending ordinance 2922 by deleting the DWI provisions from the list of excluded provisions.

The 13 petitioners were all charged by citation at different times in 1983 under the Bellevue City Code for driving while intoxicated. They seek to have the charges dismissed, arguing that Bellevue did not have a valid DWI ordinance at the time they were charged because the MTO provisions were not effectively adopted by ordinance 3093. Alternative writs of certiorari and prohibition to the Superior Court for King County were denied; discretionary review was granted by this court.

## Const. art. 2, § 37

The first issue raised is whether ordinance 3093 violates article 2, section 37 of the state constitution, which provides: "No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length." The petitioners contend that this requirement applies to municipalities as well as to the Legislature, and assert that the failure to set out the amended sections of ordinance 2922 invalidates the

attempted amendment. They conclude that Bellevue therefore did not have a DWI ordinance at the time they were cited.

The first question is whether this constitutional provision properly applies to municipalities. The only authority the defendants cite supporting application of the provision is article 11, section 10 (amendment 40) of the Washington Constitution, which requires municipal ordinances to comply with the constitution. This section does not resolve the question of the applicability of Const. art. 2, § 37, it merely requires that Bellevue comply with the provision if it is applicable.

There do not appear to be any Washington cases on this question. Article 2 deals, however, with the State Legislature and the enactment of state law. On its face, it does not appear to apply to municipal corporations. Additionally, there are many article 2 provisions which are not applied to cities, such as section 18, which provides that no laws shall be enacted except by bill, and section 32, regulating the signature of bills. Section 37 appears to be another procedural provision which should not be applied to municipalities.

This constitutional issue need not be decided, however, because Bellevue did set out the amended provision. Ordinance 3093 as it pertains to ordinance 2922 reads:

Section 3. The following sections or portions of sections of the MTO are not adopted by reference and are expressly deleted:
RCW 46.90.142
RCW 46.90.145

The act, as amended, is set forth in full. The deleted portions are not set out, so that it is not possible to see how the ordinance read before the amendment. This is adequate compliance with the constitutional provision. It is not necessary to include the deleted material: "only the act or section as amended need be set forth at length in the body of the amendatory act. It is not necessary to set out the act or section as it existed prior to amendment." (Footnote omit-

ted.) 1A C. Sands, *Statutory Construction* § 22.28 (4th ed. 1972). The ordinance was not amended by "mere reference to its title."

### AFFIRMATIVE ADOPTION

The petitioners next argue that the DWI provisions were not affirmatively adopted and are therefore invalid. *Weyerhaeuser Co. v. King Cy.*, 91 Wn.2d 721, 592 P.2d 1108 (1979). They contend that ordinance 3093 purported to adopt the DWI provisions by deleting the clause in ordinance 2922 excluding those sections, but contend this is insufficient.

Bellevue responds that the DWI provisions were properly adopted by reference when ordinance 2922 was amended to eliminate the MTO provisions from the list of excluded provisions. The City argues when a statute is amended, the amended portion becomes the law as if the amendments had always been there. *State ex rel. Gebhardt v. Superior Court,* 15 Wn.2d 673, 131 P.2d 943 (1942).

RCW 35.21.180 provides that municipalities may adopt state statutes or codes by reference. The statute does not require any special procedure or form in adopting statutes by reference. The petitioners do not cite any authority supporting their argument that there must be some type of "affirmative adoption." *Weyerhaeuser* is not applicable; it holds only that the amended sections of a statute must be printed in full as required by Const. art. 2, § 37. As noted above, Bellevue complied with this requirement. Though the method of adoption used by the Council was indirect, the procedure is authorized by the Legislature in RCW 46.90.005 which provides in part that: "[a]ny local authority which adopts this chapter by reference may at any time exclude any section or sections from this chapter which it does not desire to include in its local traffic ordinance."

The petitioners also argue that legislative intent cannot be "read in" by this court, and that repeal of an ordinance does not revive earlier ordinances. Because the ordinance was correctly adopted, there is no need to "read in" any

provisions of the MTO. The MTO provisions on DWI had not been adopted prior to ordinance 2922, thus the issue of the effect of repeal of statutory provisions is not present.[1] The ordinance adequately adopts the DWI sections of the MTO.

## DUE PROCESS

Finally, the petitioners argue that the ordinance violates the due process clause of the Fourteenth Amendment because it does not give adequate notice of the proscribed behavior. The petitioners do not argue that they did not have notice of the charge. Each citation here charged violation of RCW 46.61.502, the DWI statute. They contend that if the petitioners had checked the Bellevue City Code, they would have believed that there were no DWI provisions.

The Bellevue City Code provides in part:

11.80.010 . . .
The Washington Model Traffic Ordinance, RCW Chapter 46.90 . . . is adopted by reference as and for part of the traffic ordinance of the city of Bellevue, codified as Title 11 of the Bellevue City Code, as if set forth in full herein except as provided in Section 11.80.020. (Ord. 2922 § 2, 1980.)

BCC 11.80.020 lists sections of the MTO which were not adopted. This list does not include the DWI provisions, which are found in RCW 46.90.427. Had the petitioners checked the ordinance, they would have had adequate notice of the proscribed behavior because they would have been directed to the state statute prohibiting driving while intoxicated. The method of adoption used by the Bellevue Council was specifically authorized by the Legislature in

---

[1]The petitioners also argue that Bellevue lacks the power to impose imprisonment for the 12 months provided in the MTO because former RCW 35.22.280(35) imposes a 6–month limit on imprisonment for violation of municipal ordinances. This issue need not be decided on this appeal because there has not yet been a trial and no sentences have been imposed. Additionally, the court is not interpreting the ordinance in light of the Council's intent, and it is therefore not necessary to decide whether the Council was actually attempting to extend their jurisdiction to impose imprisonment.

RCW 46.90.005, and gives adequate notice.

The superior court order remanding for trial is affirmed.

WILLIAMS and COLEMAN, JJ., concur.

Review denied by Supreme Court May 10, 1985.